A91A0183. MOXLEY v. LARISCY et al.
(405 SE2d 339)

McMURRAY, Presiding Judge.

Charles Moxley brought suit against David Lariscy and James Lariscy in the Superior Court of Burke County. He alleged that on August 1, 1986, he suffered personal injuries and property damage when David Lariscy negligently operated a motorcycle (owned by James Lariscy) in such a manner as to collide with a "1982 Ford" owned and operated by plaintiff.

Defendants answered the complaint and denied any liability to plaintiff. Additionally, defendant David Lariscy counterclaimed against plaintiff to recover damages for the personal injuries he suffered as a result of the August 1, 1986 collision.

The case proceeded to trial and the jury returned a verdict in favor of defendant David Lariscy and against plaintiff in the amount of $100,000. Judgment was entered accordingly and plaintiff moved for a new trial. The motion for a new trial was denied and plaintiff appeals. *Held*:

1. The evidence was more than sufficient to support the verdict. Witnesses testified that plaintiff's vehicle was traveling 35-45 mph on a dirt road which was used frequently by children riding motorcycles; that three-fourths of plaintiff's vehicle was traveling on the wrong side of the road; and that defendant David Lariscy was unable to take any steps to avoid the collision. There was also testimony that following the collision, plaintiff moved the Ford to his side of the road, covered the Ford's tracks, and moved broken glass from David Lariscy's side of the road to his side of the road. Plaintiff's first and second enumerations of error, challenging the sufficiency of the evidence, are without merit.

2. Defendant interposed a "hearsay" objection when plaintiff started to recount a conversation which took place between plaintiff's father and "the same two boys," one of which was David Lariscy. (According to plaintiff, his father admonished the boys to "drive it slow.") The trial court sustained the objection. We find no error. The father's statement was properly excluded. OCGA § 24-3-1. See also *Security Life Ins. Co. v. Newsome*, 122 Ga. App. 137, 138 (2) (176

SE2d 463). Plaintiff's third enumeration of error is without merit.

3. Pursuant to OCGA § 5-6-6, defendant David Lariscy filed a motion to assess ten percent damages for a frivolous appeal. Upon our consideration of the case sub judice we decline to grant defendant's motion to assess damages for frivolous appeal.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 8, 1991.

*Percy J. Blount*, for appellant.
*Jacque D. Hawk*, for appellees.